UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YENDY CRUZ,
ON BEHALF OF HIMSELF AND                          Civil Docket No.:
ALL OTHERS SIMILARLY SITUATED,                    2:17-cv-01994-ADS-GRB

                Plaintiff,

     v

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION SERVICES,

                Defendant.
------------------------------------------------------------x


## <u>MEMORANDUM OF LAW IN SUPPORT OF</u><br><u>MOTION TO DISMISS, CONSOLIDATE OR STAY</u>


Matthew B. Johnson
Marshall Dennehey Warner Coleman & Goggin
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005
Ph: 212.376.6433
MBJohnson@mdwcg.com
*Attorneys for Defendant*
*Credit Control Services, Inc.*

# **Table of Contents**

I.     **PRELIMINARY STATEMENT** ................................................................ 1

II.    **FACTS** ................................................................................................. 1

III.   **LEGAL STANDARD** ......................................................................... 4

IV.   **ARGUMENT** ...................................................................................... 6

    A.    **CCS was not Obligated under FDCPA Section 1692e to Notify Plaintiff that his Balance may Increase Due to Interest Accrual because the Amount of the Debt was Static.** ................................... 6

      1.    **Debt Collectors are Not Obligated to Inform Consumers when their Account Balances are not Subject to Increase due to Interest or Fees.** ............................................................................................... 7

      2.    **Plaintiff's Account was Not Incurring Interest Pursuant to CPLR 5001.** ........................................................................................... 10

      3.    **No Interest was Accruing on Plaintiff's Debt Pursuant to Contract While Debt was Placed with CCS.** ............................................... 13

    B.    **Plaintiff Fails to State a Claim under 15 U.S.C. § 1692e(2)(A).** ....... 15

    C.    **CCS Communicated with Plaintiff using its "True Name" as Interpreted in Applicable Case Law.** ............................................... 16

    D.    **The Letter Does Not Constitute an Unfair or Unconscionable Means to Collect or Attempt to Collect a Debt in Violation of § 1692f or 1692f(1).** ...................................................................................... 19

    E.    **This Action Should be Dismissed Pursuant to the Plea of Other Suit Pending.** .................................................................................... 21

    F.    **If This Action is not Dismissed, it should be Consolidated with *Cruz II* or *Cruz II* should be Stayed Pending Resolution of this Action.** ............................................................................................ 24

V.     **CONCLUSION** ................................................................................ 25

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................ 4

*Avila v. Riexinger & Assocs., Inc.*, 817 F.3d 72 (2d Cir. 2016) ................. *passim*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ............................................. 4

*Bird v. Pressler & Pressler, L.L.P.*, No. 12-cv-3007 (JS)(ETB), 2013 U.S. Dist. LEXIS 74682 (E.D.N.Y. May 29, 2013)............................................................ 11

*Boyko v. Am. Int'l Group, Inc.*, Civ. No. 08-2214 (RBK/JS), 2012 U.S. Dist. LEXIS 81229 (D. N.J. June 12, 2012)............................................................. 18

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)............................ 4

*Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010) ............................................. 4

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) ............................................ 5

*Cruz v. Credit Control Services, Inc.*, No. 2:17-cv-02590-ADS-GRB (E.D.N.Y.) ...................................................................................................... *passim*

*Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000)...................................... 22

*Curto v. Palisades Collection, LLC*, No. 07-cv-529(s), 2011 U.S. Dist. LEXIS 125493 (W.D.N.Y. Oct. 31, 2011). ...................................................... 10, 15

*Dick v. Enhanced Recovery Co.*, 15-CV-2631 (RRM)(SMG), 2016 U.S. Dist. LEXIS 135789 (E.D.N.Y. Sept. 28, 2016). ....................................... 8, 10, 12

*F.M. v. Anderson Ctr. For Autism*, No. 1:13-cv-0041 (GTS/RFT), 2014 U.S. Dist. LEXIS 12615 (N.D.N.Y. Sept. 10, 2014) ................................................. 5

*Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006)........................... 20

*Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005) ............. 5

*Hirsch v. United Collection Corp.*, No. CV-03-4884 (RJD), 2004 U.S. Dist. LEXIS 29819 (E.D.N.Y. Oct. 27, 2004). ........................................................ 19

*James v. AT&T Corp.*, 334 F. Supp.2d 410 (S.D.N.Y. 2004) ........................... 23

*Jeter v. Credit Bureau Inc.*, 760 F.2d 1168 (11th Cir. 1985........................... 20

*Johnson v. Celotex Corp.*, 899 F.2d 181 (2d Cir. 1990)). .............................. 25

*Kaziev and Aronova v. Credit Control Services, Inc.*, No. 2:17-cv-02522 (JMA) (AYS)(E.D.N.Y.).......................................................................................... 22

*Kizer v. American Credit & Collection*, Civ. No. B-90-78 (TFGD), 1990 U.S. Dist. LEXIS 20827 (D. Conn. Dec. 17, 1990)..................................................... 16

*Kristina Shields v. Credit Control Services, Inc.*, Case No. 2:17-cv-00121 (JS)(GRB) (E.D.N.Y.) .................................................................... 3, 21, 22

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ................. 21

*Lerman v. Credit Control Services, Inc.*, No. 2-17-cv-02511 (JFB)(GRB) (E.D.N.Y.) ...................................................................................................... 22

*Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293 (S.D. Ala. 2011) ............................................................................................................ 17

*Mangiafico v. Blumenthal*, 358 F. Supp. 2d 6 (D. Conn. 2005)......................... 5

*Matthew Shields v. Credit Control Services, Inc.*, No. 2:17-cv-02521 (ADS)(ARL) (E.D.N.Y.)..................................................................................................... 22

*McStay v. I.C. Sys.*, 308 F.3d 188 (2d Cir. 2002) ............................................ 5

*Miles v. Retrieval-Masters Creditor's Bureau, Inc.*, No. 14-CV-6607 (RRM) (RER), 2016 U.S. Dist. LEXIS 41902 (E.D.N.Y. Mar. 29, 2016) .............................. 16

*Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 296 (2d Cir. 2003) ............... 5
*Morency v. Vill. Of Lynbrook P.O. Shield No. 217*, 1 F. Supp. 3d 58 (E.D.N.Y. 2014) ........................................................................................................... 22, 23
*Orenbuch v. N. Shore Health Sys.*, 250 F. Supp. 2d 145 (E.D.N.Y. 2003) ........ 16
*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007) ................................................... 4
*Pifko v. Ccb Credit Services, Inc.*, No. 09-CV-3057 (JS), 2010 U.S. Dist. LEXIS 69872, 2010 WL 2771832 (E.D.N.Y. July 7, 2010)................................. 15, 16
*Rojas v. Forster & Garbus LLP,* No. 13-CV-02825 (DLI) (RER) (E.D.N.Y.) ......... 21
*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996). ........................................ 4
*Sanchez v. United Collection Bureau, Inc.*, 649 F.Supp.2d 1374 (N.D. Ga. 2009) ................................................................................................................... 15
*Santibanez v. National Credit Systems, Inc.*, 2017 U.S. Dist. LEXIS 4519, 2017 WL 126111 (D. Or. Jan. 12, 2017).................................................... 9, 10, 15
*Taylor v. Fin. Recovery Servs.*, No. 16 Civ. 4685 (LGS), 2017 U.S. Dist. LEXIS 76243 (S.D.N.Y. May 18, 2017) ....................................................... *passim*
*Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461 (E.D.N.Y. 1995) ............................................................................................................ 20
*Watson v. Jones*, 80 U.S. 679 (1871)). ........................................................... 22

## Statutes

15 U.S.C. § 1692a ............................................................................................ 1
15 U.S.C. § 1692e .................................................................................... *passim*
15 U.S.C. § 1692e(2)(A) ....................................................................... 13, 15, 16
15 U.S.C. § 1692e(10) ................................................................................ 13, 15
15 U.S.C. § 1692e(14) ................................................................................ 16, 18
15 U.S.C. § 1692f ...................................................................................... 19, 20
15 U.S.C. § 1692f(1) ....................................................................................... 21
15 U.S.C. § 1692k(a) ....................................................................................... 24
N.Y. C.P.L.R. § 5001 ..............................................................................*passsim*
N.Y. G.B.L. § 349 ............................................................................................ 1

## Rules

Fed. R. Civ. P. 10(c) ........................................................................................ 5
Fed. R. Civ. P. 12(b)(6)........................................................................... 4, 5, 25
Fed. R. Civ. P. 42(a)....................................................................................... 24

## I.    PRELIMINARY STATEMENT

Plaintiff Yendy Cruz ("Plaintiff") instituted this putative class action in state court via service of a November 28, 2016 summons with notice, alleging violations of N.Y. GBL § 349 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA"). Docket Entry ("DE") 1 at Ex. A. When Plaintiff got around to filing his complaint, however, he abandoned the GBL claims, asserting claims only under the FDCPA. *See* DE 8.

For substantive reasons this matter should be dismissed because the collection letter at issue clearly and accurately discloses the amount of the debt and CCS was operating under its registered trade name. For procedural reasons, application of the doctrine of the plea of other suit pending suggests this action should be dismissed as the claims and putative classes mirror those asserted in an earlier filed class action. Alternatively, if this action is not dismissed, it should be consolidated with Plaintiff's other, later filed action asserting nearly the same claims and classes.

## II.    FACTS

On May 23, 2017, Plaintiff filed the present complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA") on behalf of five putative classes. DE 8. Plaintiff alleges that he owed a "debt" as the term is defined in the FDCPA and that Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS") attempted to collect his debt by sending him a November 27, 2015 collection letter. *Id.* at ¶¶ 7-8. Plaintiff concedes to owing this debt to GEICO Indemnity Company ("GEICO"). *Id.* at ¶ 9 & Ex. A. Plaintiff

attached a copy of the CCS collection letter, as Exhibit "A" to his complaint. *Id.* Ex. A.

The CCS collection letter informs Plaintiff that the "Amount of the Debt" is $166.97. *Id.* The letter also advises what will happen if Plaintiff decided to pay his debt in full: "Once full payment has been posted by this office, your account will be closed and returned to your creditor as paid-in-full." Near the bottom of the letter, Plaintiff is, again, advised of the balance due, instructing him to "Pay this Amount: $166.97." *Id.*

On January 7, 2016, CCS sent Plaintiff another collection letter, attached as Exhibit "A" to Plaintiff's Complaint in related matter *Yendy Cruz, on behalf of himself and all others similarly situated v. Credit Control Services, Inc., d/b/a Credit Collection Services*, No. 2:17-cv-02590-ADS-GRB (E.D.N.Y.) ("*Cruz II*"). *See* Declaration of Michael Sands ("Sands Decl.") Ex. 1 at ¶ 7 & Ex. A. Notably, this letter also sets forth the "Amount of the Debt" as $166.97. Further, it offers Plaintiff the opportunity to settle the debt for 80% of the balance, and provides a "Settlement Amount" of $133.58. *Id.* at Ex. A. The January 7th letter informs Plaintiff that if he pays the settlement amount, the "account will be closed and returned to your creditor as settled-in-full." *Id.*

In both the present action and *Cruz II*, Plaintiff proposes the formation of five nearly identical classes. The only differences in class membership are the dates upon which the receipt of a CCS letter triggers putative class membership: November 27, 2015 to the present in this action (*see* DE 8 at ¶ 45) and January 7, 2016 to the present in *Cruz II* (*Cruz II* DE 6 at ¶ 48). The

fifth class in *Cruz II* states that the class includes those who received a letter from CCS between September 17, 2015 and the present, however, this appears to be a typographical error; presumably, the date should be January 7, 2016.

Plaintiff's counsel also filed a similar action styled *Kristina Shields, on behalf of herself and all others similarly situated v. Credit Control Services, Inc., d/b/a Credit Collection Services*, No. 2:17-cv-00121 (JS)(GRB) (E.D.N.Y.). *See* Declaration of Matthew Johnson ("Johnson Decl.") Ex. 1. Like the two *Cruz* matters, this action asserts similar FDCPA claims on behalf of five similar putative classes. *See id.* Plaintiff would be a member of the *Shields* classes were he to state any claims upon which relief could be granted.

CCS is a Delaware Domestic corporation. DE 8 at ¶ 10. CCS previously maintained a principal place of business in Newton, MA, but by November 27, 2015, when CCS mailed the letter at issue, it had moved to Norwood, MA. *Compare* DE 8 at ¶¶ 7, 10 *with* DE 8 at Ex. A (collection letter from CCS to Plaintiff dated Nov. 27, 2015, reflecting office address in Norwood, MA); Sands Decl. Ex. 2-3 (CCS' registration documents filed with Newton, MA and Norwood, MA, respectively).

CCS operates under the trade name "Credit Collection Services." DE 8 at ¶ 37 & Ex. A. In both Newton, MA and Norwood, MA, CCS registered the trade name "Credit Collection Services" with the city clerk. Sands Decl. Ex. 2-3. Further, CCS possesses a debt collection agency license issued by the New York City Department of Consumer Affairs. Sands Decl. Ex. 4-5; *see also* DE 8 at ¶ 11 (alleging that CCS possesses a Debt Collection Agency License from the

3

New York City Department of Consumer Affairs). CCS' New York City collection agency license reflects the fact that it registered its trade name with the New York City Department of Consumer Affairs. Sands Decl. Ex. 4-5.

### III.      LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a plaintiffs claims for relief. *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). To survive such a motion, a plaintiff must allege facts that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court weigh a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 262 (2d Cir. 2002). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a court "cannot invent factual allegations that [plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Claims asserted under the FDCPA are evaluated under the objective "least sophisticated consumer" standard, examining "how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Applying this standard, the Second Circuit has noted that "in crafting a norm that protects the naïve and the credulous the courts

have carefully preserved the concept of reasonableness." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Even the least sophisticated consumer is expected to read a collection notice "with some care," (*Clomon*, 988 F.2d at 1319), and it is presumed that the consumer reads the letter "in its entirety." *McStay v. I.C. Sys.,* 308 F.3d 188, 191 (2d Cir. 2002).

Pursuant to Fed. R. Civ. P. 10(c), exhibits to a complaint are considered to be pleadings for all purposes. *Mangiafico v. Blumenthal*, 358 F. Supp. 2d 6, 9 (D. Conn. 2005) (a court may take into account "documents attached to the complaint as exhibits and documents incorporated by reference in the complaint" on a Rule 12(b)(6) motion). Other matters outside the four corners of the complaint that may be considered without triggering the standard governing a motion for summary judgment include "documents that, although not incorporated by reference, are 'integral' to the complaint" and "any matter of which the court can take judicial notice for the factual background of the case." *F.M. v. Anderson Ctr. For Autism*, No. 1:13-cv-0041 (GTS/RFT), 2014 U.S. Dist. LEXIS 12615, at *23-24 (N.D.N.Y. Sept. 10, 2014). Such documents "include those that appear in a court's own records of prior litigation between the parties." *Id.* at *24.

Where an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage. *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 366 (2d Cir. 2005) (upholding district court's determination on the pleadings that no FDCPA claim could be stated based on the language of a letter); *Miller v. Wolpoff & Abramson, LLP*,

321 F.3d 292, 296, 311 (2d Cir. 2003) (finding district court properly dismissed an FDCPA claim based on the language of the collection letter).

IV.  **ARGUMENT**

A.  **CCS was not Obligated under FDCPA Section 1692e to Notify Plaintiff that his Balance may Increase Due to Interest Accrual because the Amount of the Debt was Static.**

Plaintiff's asserts that CCS violated the FDCPA, *inter alia*, by failing to notify him that the amount of his debt may increase due to the accrual of interest pursuant to state law (Count One) or the accrual of interest, late charges or other charges pursuant to contract (Count Two). Plaintiff alleges that this conduct violates 15 U.S.C. § 1692e and various subsections thereof, which bar debt collectors from using false or misleading means to collect a debt.

In Count One, Plaintiff alleges that interest was accruing on Plaintiff's debt pursuant to N.Y. CPLR 5001. This statute allows a court, in its discretion, to award interest on a sum awarded because of, *inter alia*, breach of a contract. *Id.* at ¶ 19. In Count Two, Plaintiff further alleges, on information and belief, that GEICO, or its assignee, possessed the right to charge Plaintiff interest, late charges or other charges in addition to the "amount of the debt" pursuant to Plaintiff's agreement with GEICO. *Id.* at ¶ 31. As interest was not accruing pursuant to CPLR 5001, however, and CCS was not attempting to collect interest or other fees pursuant to the underlying contract, CCS had no obligation to disclose that interest or other fees may accrue.

1.    **Debt Collectors are Not Obligated to Inform Consumers when their Account Balances are not Subject to Increase due to Interest or Fees.**

The Second Circuit has established that, when a debt is currently accruing interest while placed with a debt collector, which is not the case with the account at issue in this action, the debt collector must inform the consumer of this fact to provide a full and fair disclosure of the amount of the debt. *Avila v. Riexinger & Assocs., Inc.*, 817 F.3d 72, 76 (2d Cir. 2016). In that case, the plaintiffs alleged that collection notices they had received violated section 1692e of the FDCPA, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at 74. Plaintiffs alleged that the collection notices they received violated this section by failing to inform them that the "current balance" stated may increase due to interest and fees, when in fact interest was accruing at the rate of 500% annually <u>and</u> the defendant debt collectors had attempted to collect that interest. *Id.*

Applying the least sophisticated consumer standard, the Second Circuit held that the plaintiffs stated a claim that the collection notices were misleading under Section 1692e. "A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice" when, in fact, "if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full." *Id.* at 76. *Avila* can be distinguished from the matter at bar, however, as Plaintiff's

7

account was not accruing interest, which is clear from an examination of the two collection notices Plaintiff received that set forth identical figures for the amount of the debt.

A subsequent action filed in this District established that it is not misleading under the FDCPA "for a debt collector to list the amount owed without affirmatively noting that the amount is *not* increasing." *Dick v. Enhanced Recovery Co.*, 15-CV-2631 (RRM)(SMG), 2016 U.S. Dist. LEXIS 135789, *11-12 (E.D.N.Y. Sept. 28, 2016). Citing the Second Circuit's decision in *Avila*, the *Dick* court found that although "it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount is increasing," *Avila* does not require "that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future." *Id.* at *12. Further, the letter at issue specified payment amounts that would satisfy the debt, including one offer that specified a date by which the plaintiff could make a one-time reduced payment. *Id.* For these reasons, the Court concluded that Dick failed to state a claim under section 1692e and granted the defendant's motion to dismiss.

The Southern District of New York evaluated similar claims when granting a defendant's motion for summary judgment in *Taylor v. Fin. Recovery Servs.*, No. 16 Civ. 4685 (LGS), 2017 U.S. Dist. LEXIS 76243 (S.D.N.Y. May 18, 2017). In that matter, the plaintiffs alleged that the collection notices at issue were misleading as to whether or not each of the plaintiffs' debt was accruing

8

interest or fees in violation of section 1692e. *Taylor*, 2017 U.S. Dist. LEXIS at *4-5.

The *Taylor* court found that the notices were not false, misleading or deceptive as a matter of law. *Id.* at *13. First, the court found that the plaintiffs had adduced no evidence "that the amount stated as due from each Plaintiff is factually inaccurate." *Id.* Each of the plaintiffs had received multiple collection letters, and the amounts demanded in each letter remained the same in each respective letter. *Id.* at *13-14. Second, the court found that the statements of the amount due were not misleading or deceptive. *Id.* at *14. The letters neither stated nor implied that interest or fees were accruing such that interest or fees were accruing; to the contrary, each payment coupon presented the same static amount due. *Id.* As such, the court concluded "[o]nly a consumer in search of an ambiguity," not the least sophisticated consumer, "would interpret the letters to mean that interest was accruing." *Id.* at *15.

*Taylor* distinguished *Avila*, noting that the potential for confusion regarding the true balance due when interest was actually accruing daily was lacking where the *Taylor* plaintiffs had not shown "that paying the stated balance due in their respective letters would not satisfy their debts." *Id.* at *16.

Courts outside this Circuit have rejected the proposition that an initial collection letter "must state the interest rate (even if that interest rate is zero) and warn the consumer that if the debt is sold to another creditor, that creditor may elect to add interest or fees to the debt amount" as well. *Santibanez v. National Credit Systems, Inc.*, 2017 U.S. Dist. LEXIS 4519, 2017 WL 126111, at

*5-7 (D. Or. Jan. 12, 2017). In that action, Santibanez did not allege that the collector attempted to collect any interest, thus it was "undisputed ... that payment of the 'balance' listed in the letter would have cleared plaintiff's account." *Id.* at *6. Taking note that the Second Circuit had found that the omission of information about interest and fees could "mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account" (quoting *Avila*, 817 F.3d at 76), the *Santibanez* court concluded that there was no such danger when payment of the amount demanded would satisfy the debt. *Id.* at *6-7. Thus, the *Santibanez* court granted summary judgment for the defendant. *Id.* at *7.

A similar holding obtained in *Curto v. Palisades Collection, LLC*, No. 07-cv-529(s), 2011 U.S. Dist. LEXIS 125493 (W.D.N.Y. Oct. 31, 2011). In that matter, the plaintiff alleged that a collection letter he received violated the FDCPA because it erroneously omitted the amount of interest owed. *Curto*, 2011 U.S. Dist. LEXIS, at *24. The court found, as a matter of law, that the letter properly stated the "amount of the debt," holding that "[o]nly were Defendants to now seek interest on the debt, would the letter have been misleading." *Id.*

## 2.   Plaintiff's Account was Not Incurring Interest Pursuant to CPLR 5001.

In recognizing that *Dick* and *Taylor* preclude an *Avila*-type claim where the balance at issue is static, Plaintiff asserts that his debt is accruing interest pursuant to CPLR § 5001 such that that CCS was obligated to inform him that his debt may increase. This claim fails, however, because interest under CPLR

10

§ 5001 is not available unless and until a court enters judgment in a suit seeking collection of Plaintiff's debt and grants a request, if such a request is furnished, for an award of pre-judgment interest. Notably, Plaintiff does not allege that his debt has been reduced to judgment. Further, the letter at issue does not threaten litigation. *See* DE 8 Ex. A. Finally, the Plaintiff has not provided any indication that the Defendant had or intended to file any court action against the Plaintiff.

This Court's case law supports the view that interest does not accrue under CPLR § 5001, and thus may not be demanded, until awarded. In *Bird v. Pressler & Pressler, L.L.P.*, No. 12-cv-3007 (JS)(ETB), 2013 U.S. Dist. LEXIS 74682 (E.D.N.Y. May 29, 2013), the plaintiff alleged that a collection letter sent prior to the filing of a collection suit misstated the amount of the debt because the letter did not include pre-judgment interest, though the suit filed shortly thereafter to collect the same account did demand such interest. *Bird*, 2013 U.S. Dist. LEXIS at *1-2.

*Bird* held that the letter accurately stated the amount of the debt because the collector "had not yet commenced any legal action." *Id.* at *5-6. A request for prejudgment interest, the Court found, is not a demand to the consumer but rather a request upon the court. *Id.* at *6. As prejudgment interest under § 5001 is not due, and thus may not be demanded, until awarded by a court, **it cannot be said to be accruing prior to entry of judgment**. Even once judgment is obtained, interest requested in a prayer for relief "is just that: a request to a third party – the court – for consideration." *Id.*

(internal quotation marks and citation omitted). Interest pursuant to CPLR § 5001 is thus no more a part of a debt prior to suit and its award than statutory attorney fees. *See id.* Disclosure of such the potential accrual of such speculative sums would likely confuse a consumer at to the true amount of the debt rather than provide clarification. As *Dick* noted, the FDCPA does not require "that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future." *Dick*, 2016 U.S. Dist. LEXIS 135789 at *12.

Applying *Bird* to the present matter, CCS did not have the right to demand interest pursuant to CPLR § 5001 at the time it sent the collection letter at issue in this case (or the second letter in Cruz II). Therefore, CCS fulfilled its duty under section 1692e to set forth "the amount of the debt" in a manner that was not misleading or deceptive by stating that the "Amount of the Debt" was $166.97. There is no danger that Plaintiff could be misled by a demand for precisely the sum required to clear his account. *Cf. Avila*, 817 F.3d at 76 (a demand for the amount due, without notice that the amount is already increasing, could mislead a consumer to believe payment of the sum demanded will clear her account). As the *Taylor* court remarked, only a consumer (or his attorney) in search of an ambiguity would interpret the letters to mean that interest was accruing. *Taylor*, 2017 U.S. Dist. LEXIS at *15.

Even a cursory comparison of the November 27, 2015 CCS letter serving as the basis of this complaint and the January 7, 2016 CCS letter forming the basis of the complaint in *Cruz II* establishes that interest was not accruing on

12

Plaintiff's account. *See* Sand Decl. Ex. 1 (*Cruz II*, DE 6 at Ex. A). The letter from *Cruz II* sets forth the same "amount of the debt" as the letter of November 27, 2015. Plaintiff's bald and unsupported allegation that "interest was in fact accruing on the 'Amount of the Debt'" (DE 8 at ¶ 24) is demonstrably false by reference to Plaintiff's own exhibits. Further, just as CCS had no right to include interest pursuant to CPLR § 5001, as part of the amount of the debt, no third party purchaser of Plaintiff's debt from the creditor could seek collection of interest pursuant to CPLR § 5001, unless and until that interest was awarded by a court subsequent to obtaining judgment. *See id.* ¶ 26 (asserting that a third party could buy the debt and seek interest pursuant to § 5001 accrued after the collection letter was sent but before the amount demanded was paid). As CCS accurately and clearly set forth the amount of Plaintiffs debt in the both the November 25, 2015 letter at issue, and the January 7, 2016 letter in Cruz II, CCS did not violate section 1692e.

### 3.  No Interest was Accruing on Plaintiff's Debt Pursuant to Contract While the Debt was Placed with CCS.

Plaintiff speculates that GEICO, or its successor-in-interest, <u>could</u> assess interest, late charges or other charges pursuant to the agreement between Plaintiff and GEICO giving rise to the debt at issue. DE 8 at ¶¶ 29-31. Plaintiff alleges that this violates 15 U.S.C. §§ 1692e (which bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt); 1692e(2)(A) (barring the false representation of the character, amount or legal status of any debt) and 1692e(10) (which, similar to

13

1692e, bars the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer).

Notably, Plaintiff does not allege that CCS (or any other entity) exercised this purported right to assess interest or charges or that any entity planned to do so in the future. *See id.* at ¶¶ 29-34. Thus, Plaintiff does not allege that interest or other charges were actually being charged over the course of CCS' efforts to recover on Plaintiff's valid and delinquent GEICO debt obligation. This failure on the part of Plaintiff is fatal to his *Avila* claim regarding CCS' disclosure of the amount of the debt.

Plaintiff's situation is readily distinguishable from the facts presented in *Avila*, where Avila alleged that "interest was accruing daily" at 500% annually and where the *Avila* defendants "tried to collect this interest" from her. *Avila*, 817 F.3d at 74. In that case, the Second Circuit found that a consumer could mistakenly believe that payment of the amount demanded would satisfy the debt. *Id.* at 76. Further, the court noted, after the consumer paid the amount demanded, the debt collector could seek to collect the interest that accumulated after the notice issued but before payment was made. *Id.* Thus, the Second Circuit concluded that if interest is accruing, a debt collector must inform the debtor that the balance may increase due to interest and fees. *Id.*

Plaintiff, in contrast, faces no such danger as his debt is static. The evidence available (including the pleadings in this matter and in *Cruz II*) shows that the balance CCS sought did not increase, but remained the same. Compare DE 8 Ex. A (stating "Amount of the Debt: $166.97") *with* Sands Decl.

14

Ex. 1 (*Cruz II* DE 6 Ex. A) (same). Further, as was the case in *Taylor* and *Santibanez*, neither letter suggests that interest is accruing. In fact, both letters clearly inform Plaintiff what will happen should he pay the amount demanded: the account will be closed and returned to Plaintiff's creditor as either "paid-in-full" or "settled-in-full," depending on whether Plaintiff made payment pursuant to the November 27, 2015 letter or the letter of January 7, 2016 (the latter of which offered a discount). Similar to the finding in *Curto*, CCS was not seeking to collect interest on Plaintiff's account and therefore did not misstate the amount of the debt by not including interest. Unlike the *Avila* plaintiffs, Plaintiff can be under no plausible misapprehension regarding the effect of paying the amount demanded. As such, the letter at issue need not represent that Plaintiff's debt may increase and thus does not violate section 1692e or 1692e(10).

### B.    Plaintiff Fails to State a Claim under 15 U.S.C. § 1692e(2)(A).

Plaintiff alleges, without providing any factual support, that CCS violated 15 U.S.C. § 1692e(2)(A), which prohibits the "false representation" of either "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). To state a claim under Section 1692e(2), a plaintiff must identify a false representation or "allege that the amount sought by the collector is incorrect." *Pifko v. CCB Credit Services, Inc.*, No. 09-CV-3057 (JS), 2010 U.S. Dist. LEXIS 69872, 2010 WL 2771832, at *5 (E.D.N.Y. July 7, 2010) (citing *Sanchez v. United Collection Bureau, Inc.*, 649 F.Supp.2d 1374, 1380 (N.D. Ga. 2009) ("Pifko does not allege that the total amount of debt in the letter was a

15

misrepresentation. Thus, Pifko does not state a valid Section 1692e(2)(A) claim."). Plaintiff does not allege that CCS was not authorized to collect the amount of debt it sought. Rather, he alleges that the CCS did not clarify the amount of debt it sought to collect, a clarification needed only to a willfully blind debtor trying to craft a viable FDCPA claim out of whole cloth. Thus, Plaintiff fails to state a claim under this subsection.

### C.   CCS Communicated with Plaintiff using its "True Name" as Interpreted in Applicable Case Law.

Plaintiff's contention that CCS violated § 1692e(14) by using the trade name "Credit Collection Services" also fails to state a claim. Courts in this District have routinely held that use of a licensed trade name does not violate the FDCPA. *See Miles v. Retrieval-Masters Creditor's Bureau, Inc.*, No. 14-CV-6607 (RRM) (RER), 2016 U.S. Dist. LEXIS 41902, at *9 (E.D.N.Y. Mar. 29, 2016) (collecting cases); *Orenbuch v. N. Shore Health Sys.*, 250 F. Supp. 2d 145, 151 (E.D.N.Y. 2003) ("The defendants correctly argue that there is nothing misleading about a debt collector . . . using the name by which it is known to the public where, as here, that name is a registered trade name with the New York Department of State"); *see also Kizer v. American Credit & Collection,* Civ. No. B-90-78 (TFGD), 1990 U.S. Dist. LEXIS 20827, at *16 (D. Conn. Dec. 17, 1990) ("a debt collector that obtains a license to do business under a certain name and thereafter proceeds to use that name in the course of its business cannot be held to have deceived the public," holding that "the name under which a debt collector is licensed to do business ... is the debt collector's true name for purposes of the FDCPA"). Further, the FTC has opined that a debt

16

collector "a collector *may use* its full business name, *the name under which it usually transacts business,* or a commonly-used acronym." *Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1299 n.6 (S.D. Ala. 2011) (quoting Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, Comment 807(14), 53 Fed. Reg. 50097-02, 50107 (Dec. 13, 1988)). Notably, Plaintiff does not assert that CCS ever held itself out to him as anything but Credit Collection Services.

Although Plaintiff alleges that CCS has a principal place of business in Newton, Massachusetts (DE 8 at ¶ 10), the collection letter at issue reflects that CCS is located in Norwood, Massachusetts (*See* DE 8 Ex. A, providing a return address in Norwood, MA). Massachusetts law provides that a business using a trade name shall register the name with the city in which it conducts such business and that such registration shall remain in effect for four years. Mass. Ann. Laws ch. 110, § 5.

In compliance with this provision, as Plaintiff alleges, CCS registered the name "Credit Collection Services" with both Newton, MA, when it was located there and in Norwood, MA after moving to that city. *See* Sands Decl. Ex. 2 (Business Certificate reflecting registration of "Credit Collection Services" issue February 16, 2015 by the City Clerk of Newton, MA) & Ex. 3 (Business Certificate reflecting registration of the trade name "Credit Collection Services" issued October 15, 2015 by the Norwood, MA Town Clerk). The letter at issue is dated November 27, 2015, and reflects CCS' new Norwood, MA address. Thus,

contrary to Plaintiff's allegations, CCS was operating under its registered trade name in compliance with 1692e(14).

To the extent that Plaintiff seeks to rely on *Boyko v. Am. Int'l Group, Inc.*, Civ. No. 08-2214 (RBK/JS), 2012 U.S. Dist. LEXIS 81229 (D. N.J. June 12, 2012) is misplaced as the court reversed its decision on a motion for reconsideration. In *Boyko*, the court addressed the same allegation regarding CCS' registered trade name. The court noted that in addition to requiring registration of a trade name locally, Massachusetts law requires a business using a trade name to register the name with the secretary of state in Massachusetts if the name is likely to be mistaken for the name of a corporation lawfully conducting business there. *Boyko*, 2012 U.S. Dist. LEXIS at *10. At the end of the day, addressing Boyko's motion for summary judgment, the court did not find that CCS had violated the statute; rather it denied Plaintiff's motion and left the question to be decided by the finder of fact at trial. *Id.* at *12-13. The *Boyko* matter settled, however, before a final determination was made regarding the FDCPA claims.

CCS respectfully submits that *Boyko* was wrongly decided, however, as any potential confusion between the names Credit Collection Services and Credit Control Services, Inc. is immaterial. The entity with which the trade name may be confused is CCS itself: Credit Collection Services is the trade name for Credit Control Services, Inc. In fact, when the asserted "confusion" is the danger of confusing one entity with itself, no actual confusion exists. The danger Massachusetts seeks to prevent – that a consumer could confuse an

entity with a different entity – is not present when the trade-named entity the consumer may confuse with the true name of the entity with are one and the same.

More to the point, the question of whether CCS was required to register with the secretary of state is irrelevant to the analysis of whether CCS' use of a trade name is misleading under the FDCPA. "[A]s several courts have noted, an alleged violation of state or local law is insufficient to state a claim under the FDCPA." *Hirsch v. United Collection Corp.*, No. CV-03-4884 (RJD), 2004 U.S. Dist. LEXIS 29819, at *9 (E.D.N.Y. Oct. 27, 2004).

Further, contrary to Plaintiff's allegations, CCS did license its trade name with the New York City Department of Consumer Affairs, as is reflected in its licenses issued in January 2015 and December 2016. *Compare* Sands Decl. Ex. 4 & 5 *with* DE 8 at ¶ 39 (alleging that trade name Credit Collection Services was not registered in New York). As CCS properly registered its trade name with Newton, MA, Norwood, MA and the New York City DCA, and always held itself out to Plaintiff as Credit Collection Services, it did not violate the FDCPA by using a name other than its true name.

### D. The Letter Does Not Constitute an Unfair or Unconscionable Means to Collect or Attempt to Collect a Debt in Violation of § 1692f or 1692f(1).

Plaintiff also fails to state a claim under sections 1692f or 1692f(1). Plaintiff alleges that the letter at issue constitutes an unfair or unconscionable means to collect a debt in violation of section 1692f "and/or" 1692f(1). Plaintiff asserts no facts in support of these claims beyond those insufficiently alleged

19

to violate other sections of the FDCPA, however, such that they too should be dismissed.

To assert a claim under § 1692f, Plaintiff must allege some independent conduct beyond that which he alleges violates another section of the FDCPA. *See Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (finding complaint under 1692f deficient for failing to identify any misconduct beyond that asserted to violate other FDCPA provisions); *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995) (same). Plaintiff does not assert any conduct independent of that alleged to violate § 1692e and its subsections as amounting to violations of § 1692f and thus he fails to state a claim under 1692f. Even if Plaintiff was asserting claims solely under 1692f, he pleads no facts tending to show that the letter is somehow "unfair" or "unconscionable" within the meaning of 1692f.

Noting that few courts, including the Second Circuit, have addressed the question of what conduct rises to the level of unfair or unconscionable, the Eastern District of New York looked to an Eleventh Circuit opinion that it found insightful:

> The plain meaning of "unfair" is "marked by injustice, partiality, or deception." Significantly, in *Jeter*, we noted in dictum that in the FTC context, [a]n act or practice is deceptive or unfair . . . if it has the tendency or capacity to deceive." *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985)]. The term "unconscionable" means "having no conscience"; "unscrupulous"; "showing no regard for conscience"; "affronting the sense of justice, decency, or reasonableness." BLACK'S LAW DICTIONARY 1526 (7th ed. 1999).

*Rojas v. Forster & Garbus LLP,* No. 13-CV-02825 (DLI) (RER), 2014 U.S. Dist. LEXIS 105780, at *15-16 (E.D.N.Y. July 31, 2014) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010)). Plaintiff asserts no facts supporting the argument that the letter at issue rises to the level of affronting one's sense of justice, decency or reasonableness.

Further, Plaintiff has not pleaded facts supporting a violation of section 1692f(1). This section prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). It is not clear what interest, fee, charge or expense Plaintiff believes is unlawful, particularly since CCS did not add any such charges to Plaintiff's account. Therefore, Plaintiff has not stated a claim under section 1692f(1). Indeed, the whole basis of his claims is not that CCS had already added such charges, but that they could in the future do so.

### E.   This Action Should be Dismissed Pursuant to the Plea of Other Suit Pending.

Plaintiff's claims and five putative classes are duplicative of those asserted on behalf of nearly identical putative classes, not only in *Cruz II* but also in *Kristina Shields, on behalf of herself and all others similarly situated v. Credit Control Services, Inc. d/b/a Credit Collection Services*, Case No. 2:17-cv-00121 (JS)(GRB) (E.D.N.Y.). *See* Johnson Decl. Ex. 1. In that action, Plaintiff Shields asserts identical putative classes (whose members received letters dated from September 17, 2015 to the present) and nearly identical claims. *Id.* at ¶ 44. A minor difference is that the Plaintiff Cruz alleges in Count Two that

21

his account balance were increasing due to the addition of contractual interest or fees in violation of 1692e; Plaintiff Shields' second cause of action, in contrast, alleges that CCS failed to state the amount of the debt in violation of 1692g. *See id.* at ¶¶ 29-32. CCS is presently seeking leave to move to dismiss *Kristina Shields*.

Also pending in this District are three other putative class actions, filed by the same counsel, each asserting substantially similar claims and classes as those presented in this litigation: *Lerman v. Credit Control Services, Inc.*, No. 2-17-cv-02511 (JFB)(GRB); *Matthew Shields v. Credit Control Services, Inc.*, No. 2:17-cv-02521 (ADS)(ARL) and *Kaziev and Aronova v. Credit Control Services, Inc.*, No. 2:17-cv-02522 (JMA) (AYS). *Kristina Shields v. CCS* is, however, the first filed action. CCS could not designate these actions as "related cases" at the time of removal because each was initiated via summons with notice, which did not divulge the specific nature of the claims.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A case may be dismissed pursuant to the doctrine of the plea of other suit pending where:

> There must be the same parties, or at least such as represent the same interest, there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same.

*Morency v. Vill. Of Lynbrook P.O. Shield No. 217*, 1 F. Supp. 3d 58, 61 (E.D.N.Y. 2014) (quoting *Watson v. Jones*, 80 U.S. 679, 715 (1871)). A court's "ability to

dismiss a duplicative lawsuit serves to foster judicial economy and to protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (internal quotation marks and citation omitted).

In determining whether lawsuits are duplicative, district courts are "afforded a great deal of latitude and discretion, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (internal quotation marks and citation omitted). Plaintiff Shields' asserted class claims, which allegedly arose on or about September 17, 2015 (Johnson Ex. 1 at ¶ 44), fall within the period of the classes asserted in this matter, which includes consumers who received letters from CCS dated between November 27, 2015 and the present. *See* DE 8 at ¶ 45. As noted above, these complaints assert nearly identical claims and classes. Where, as here, there are at least two suits in which the putative classes "are composed of the same members, and are organized to vindicate the same rights," dismissal of the latter filed suit is appropriate. *James v. AT&T Corp.*, 334 F. Supp.2d 410, 411-13 (S.D.N.Y. 2004) (dismissing second filed action because it included the same parties and sought the same relief). Accordingly, this action is subject to dismissal with prejudice pursuant to the doctrine of the plea of other suit pending in the interest of judicial economy and fairness to CCS. *See Morency*, 1 F. Supp. 3d at 63 (dismissing duplicative action with prejudice).

By filing nearly identical putative class actions, Plaintiff's counsel appears to attempt to circumvent the per action limits on statutory damages

available under the FDCPA and improperly multiply attorneys' fees. Section 1692k provides, in the case of a class action, for recovery of actual damages, statutory damages of an amount "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector" as well as costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(2)-(3). This apparent bid to improperly manipulate and multiply available damages also unreasonably multiplies the proceedings and placed undue burden on the judicial system.

>      **F.    If This Action is not Dismissed, it should be
>             Consolidated with *Cruz II* or *Cruz II* should be Stayed
>             Pending Resolution of this Action.**

Should the Court not dismiss this action, the Court may exercise its broad discretion to stay or consolidate this matter with *Cruz II*. Rule 42 of the Federal Rules of Civil Procedure provides, in relevant part:

(a) Consolidation: If actions before the court involve a common question of law or fact, the court may:

>      (1) join for hearing or trial any or all matters at issue in the actions;

>      (2) consolidate the actions; or

>      (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

In deciding whether to consolidate, a court must consider whether the risks of prejudice and possible confusion are outweighed by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources presented by multiple lawsuits, the time required to conclude multiple suits as against a single one

and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Johnson v. Celotex Corp.*, 899 F.2d 181, 1285 (2d Cir. 1990)). As the two actions share the same parties and claims, these factors weigh in favor of consolidating *Cruz II* with this action for all proposes.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff fails to state a claim upon which relief can be granted and CCS is entitled to judgment as a matter of law. Accordingly, CCS respectfully requests that this Court dismiss Plaintiff's action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and grant other and further relief as the Court deems equitable and just. In the alternative, if this action is not dismissed, CCS asks that it be consolidated with *Cruz II*.


Dated: New York, New York          Respectfully submitted,
     June 6, 2017

                                            MARSHALL DENNEHEY WARNER
                                            COLEMAN & GOGGIN, P.C.


                            By:    /s/ *Matthew B. Johnson*
                                       Matthew B. Johnson (MJ 1622)
                                       88 Pine Street, 21st Floor
                                       New York, New York 10005
                                       Ph: 212.376.6433
                                       MBJohnson@mdwcg.com
                                       *Attorneys for Defendant Credit Control*
                                       *Services, Inc.*


TO:   Mitchell L. Pashkin, Esq.
        775 Park Avenue, Ste. 255
        Huntington, NY 11743
        *Attorney for Plaintiff*