**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
YENDY CRUZ on behalf of himself and all
others similarly situated,

                    Plaintiff,

       -against-

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES,

                 Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-1994 (ADS)(GRB)

**APPEARANCES:**

**MITCHELL L. PASHKIN**
*Attorney for the Plaintiff*
775 Park Avenue, Suite 255
Huntington, NY 11743
        By:    Mitchel L. Pashkin, Esq., Of Counsel

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**
*Former Attorneys for the Defendant*
88 Pine Street, 21st Floor
New York, NY 10005
        By:    Joseph A. Hess, Esq., Of Counsel

**SPATT, District Judge**:

      The Plaintiff, Yendy Cruz, ("Cruz" or the "Plaintiff") initiated this putative class action against Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS" or the "Defendant"), for damages stemming from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C., 1692 *et seq*. ("FDCPA"). The Plaintiff contends that the Defendant failed to inform the Plaintiff in a debt collection letter (the "Letter") that the amount of debt may increase due to pre-judgment interest under NY C.P.L.R. § 5001 and improperly used the name Credit Collection

1

Services in an attempt to collect debt. Further, the Plaintiff alleges that the Letter was an unfair or unconscionable means to collect a debt.

Prior to its ruling, the Court notes that the Plaintiff's memorandum does not conform to this Court's Individual Rule IV.B., as it fails to include a table of contents for a briefing that is longer than 10 pages. The Court advises the Plaintiff's counsel to conform to this Court's Individual Rules in the future.

Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiff's entire complaint. For the following reasons, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

## I. BACKGROUND

### A. The Factual Background

Unless otherwise noted, the following salient facts are drawn from the complaint and are construed in favor of the Plaintiff.

The Plaintiff, a natural person, is the recipient of the Letter. Cruz resides at 72 Randall Avenue, Freeport, New York 11520. Complaint ¶¶ 5, 7.

CCS, the Defendant in this action, is a debt collection agency that is incorporated in the State of Delaware. Its principal place of business is Two Wells Avenue, Newtown, Massachusetts 02459. *Id*. ¶ 10.

On or about November 27, 2015, the Defendant sent the Plaintiff the Letter in an attempt to collect an outstanding debt of $166.97. *Id*. ¶ 13. The Letter, sent on "Credit Collection Services" letterhead, informed Cruz that the "amount of the debt" was $166.97, and that the creditor was Geico Indemnity Company. Further, the Letter stated, in pertinent part: "Once full payment has been posted by this office, your account will be closed and returned to your creditor

as paid-in-full." *Id*. Exhibit 1. Specific instructions were provided for submitting payment to the Defendant.

On or about January 7, 2016, the Defendant sent the Plaintiff another debt collection letter (the "January Letter") in an attempt to collect the Plaintiff's $166.97 debt. The January Letter offered Cruz the opportunity to pay 80% of the amount of the debt in exchange for the settlement of the account. Specifically, if the Plaintiff paid $133.58 to the Defendant, "[the Plaintiff's] account will be closed and returned to [Geico] as settled-in-full."

**B. The Procedural Background**

On November 28, 2016, the Plaintiff commenced this action against the Defendant in the Supreme Court of the State of New York, County of Nassau, alleging violations of N.Y. General Business Law § 349 and numerous provisions of the FDCPA.

On April 6, 2017, the Defendant filed a notice of removal to this Court.

The Plaintiff filed the complaint on May 23, 2017 and attached the Letter as Exhibit 1.

In a separate case with the same caption, No. 2:17-cv-02590-ADS-GRB ("*Cruz II*"), the Plaintiff filed an action in the Supreme Court of the State of New York, County of Nassau on January 6, 2017. *Cruz II* was based on the January Letter and claimed violations of N.Y. General Business Law § 349 and the same provisions of the FDCPA as alleged in this case.

*Cruz II* was removed to this Court on May 2, 2017 and that complaint was filed in this Court on May 2, 2017. The *Cruz II* complaint alleged identical violations of the FDCPA. The Defendant answered on May 16, 2017. On July 10, 2017, an initial conference was held before Magistrate Judge Brown.

The present motion in this action was filed on June 6, 2017 by the Defendant seeking to dismiss the entire complaint in this action, pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In

ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Giugliano v. F3² Capital Partners, LLC,* No. 14-cv-7240, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) (Spatt, J.) (citation and quotation marks omitted). In adjudicating this motion, the Court is permitted to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) *facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence*.

*Environmental Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (emphasis added) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006)); *accord Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *3 (E.D.N.Y. April 28, 2010); *Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015 WL 5673123 (W.D.N.Y. Sept. 25, 2015).

It is entirely proper for the Court to take judicial notice of publically available documents on government websites, including those from the Nationwide Multistate Licensing System ("NMLS"). *See Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester*, No. 11-cv-5608, 2013 WL 135216, at *4 (S.D.N.Y. Jan. 10, 2013) ("[I]t is well established that courts may take judicial notice of publicly available documents on a motion to dismiss." (internal citations omitted)); *Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC,* 929 F. Supp. 2d 502, 510 (D. Md. 2013) ("[T]he parties agree that the Court may take judicial notice of defendants' licensing status represented via the Nationwide Mortgage Licensing System[.]"). In resolving this motion, the Court will consider facts alleged in the *Cruz II* complaint and take judicial notice of business licenses posted to the NMLS website.

**B. Fair Debt Collection Practices Act**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (noting that the purpose of the FDCPA is "to protect consumers from deceptive or harassing actions taken by debt collectors"). Under the FDCPA, "any debt collector who fails to comply with any provision of [§ 1692] with respect to any person is liable to such person[.]" 15 U.S.C. § 1692k(a). The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573, 130 S. Ct. 1605, 1606, 176 L. Ed. 2d 519 (2010).

With regard to FDCPA claims that are based solely on a debt collection letter from a debt collection agency to a consumer, the claim may be dismissed at the pleadings stage. *See Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005).

In order to successfully state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d, 542, 548 (S.D.N.Y. 2010) (internal citations omitted); *accord Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (same).

Second Circuit courts evaluate FDCPA claims based upon how the "least sophisticated consumer" would understand the communication at issue. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012) (per curiam) (internal citations omitted). Thus, the Court will evaluate how the least sophisticated consumer would view the Letter.

**C. As to the First and Second Claims in the Complaint**

The Defendant argues that the Plaintiff fails to successfully allege a claim under 15 U.S.C. § 1692e under Counts I and II of the complaint because it was not obligated to notify the Plaintiff that his outstanding debt had the potential to increase with interest. This is primarily because the interest at issue was based on C.P.L.R. § 5001, which may only be awarded by a court. *See* Memorandum of Law in Support of Motion to Dismiss, Consolidate or Stay at 6. The Plaintiff

claims that the Second Circuit foreclosed the Defendant's argument in *Avila v. Riexinger & Assocs., Inc.*, 817 F.3d 72 (2d Cir. 2016). The Court disagrees.

Section 1692e bars false, deceptive, or misleading means or representations in the collection of a consumer's debt. 15 U.S.C. § 1692e. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (internal citations omitted). This would violate the "least sophisticated consumer" standard. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). In the Second Circuit, whether or not a portion of a debt collection letter is deceptive to the "least sophisticated consumer" is a question of law. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e.").

The Court holds that, as a matter of law, pre-judgment interest under N.Y. C.P.L.R. § 5001 is not considered part of the "amount of the debt" if no request for relief of pre-judgment interest has been made upon a court. N.Y. C.P.L.R. § 5001 provides, in pertinent part:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

N.Y. C.P.L.R. § 5001(a). While the Plaintiff alleges that pre-judgment interest under N.Y. C.P.L.R. § 5001 should be disclosed in the Letter, such a position doesn't conform to the nature of such interest. Any request for pre-judgment interest must be made to a court. *See Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 61 (D. Mass. 1998) ("A prayer for relief in a complaint…is just that: a request to a third party–the court–for consideration, not a demand to the

debtor himself."). Such an award by a court would be for an uncertain sum as at the time the Letter was sent; no request was made nor was any calculation of such an award attempted. *See Bird v. Pressler & Pressler, L.L.P.*, No. 12-cv-3007, 2013 WL 2316601, at *2 (E.D.N.Y. May 28, 2013) ("It is not a representation of a sum certain." (internal citations omitted)). The allegations by Cruz that the Defendant or Geico *could* assess interest under § 5001 are entirely speculative at best, and misstate the law at worst, as only a court may enter such a judgment. Neither Geico nor the Defendant had any legal right to assess such pre-judgment interest on the Plaintiff's account.

Further, the Letter clearly stated the amount of the outstanding debt, and the process that the Plaintiff may follow in order to fully discharge the debt. If the Plaintiff chose to pay the "amount of debt" detailed in the Letter, it would have satisfied his obligation. On the other hand, if the Plaintiff continued to disregard requests for payment, it cannot be said that the Plaintiff's account is accruing interest as no request has been made to a court to collect additional fees. *See Bird*, 2013 WL 2316601, at *2. Without having taken the affirmative step to collect any potential pre-judgment interest, in the form of petitioning a court, and having offered the Plaintiff the ability to satisfy the debt in full, no interest could be said to have been accruing at any time. Until there has been such a petition for judgment to a court, any such disclosure in a debt collection letter that informs a debtor of the possibility of pre-judgment interest under § 5001 would be misleading to the least sophisticated consumer. Employing the least sophisticated consumer standard, such an individual is highly unlikely to understand how N.Y. C.P.L.R. § 5001 fees are calculated, awarded, and disputed. In fact, such a consumer is likely to be more confused with a disclaimer that attempts to explain pre-judgment interest.

To be clear, the Court is not ruling out the possibility that such a disclosure may be included in a debt collection letter, if it includes the proper disclosures to meet the proper standard.

9

However, the absence of such a disclosure in the context of N.Y. C.P.L.R. § 5001 pre-judgment interest does not, in and of itself, give rise to an FDCPA claim. *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) ("If [the Defendant] improperly included fees and costs that it was not entitled to under the note (absent a judgment), the Payoff Statement would plainly be insufficient[.]"). Therefore, it cannot be said that the lack of a disclosure of pre-judgment interest under N.Y. C.P.L.R. § 5001 is a false or misleading representation of the Plaintiff's outstanding debt balance.

The Plaintiff contends that the Second Circuit's ruling in *Avila*, which held that debt collectors had to disclose in a collection letter that the amount of the debt would increase as a result of fees or interest, precludes dismissal in this action. The Second Circuit held that such letters were misleading if they disclosed the "current balance" but "did not disclose that the balance might increase due to interest and fees." *Avila*, 817 F.3d at 74. The Court continued:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed in the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full.

*Id*. at 76. The plaintiff in that case alleged that they were under the impression that the outstanding balance was fixed, when in reality, interest was accruing at a rate equivalent of 500% per year. *Id*. at 74. Further, they alleged that interest was not only accruing, but that the defendants had attempted to collect the interest. *Id*. These allegations led to the Second Circuit's conclusion "that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id*. at 76.

This holding is inapplicable to the case at bar because, as discussed above, the Plaintiff failed to allege, as a matter of law, that Cruz's debt was accruing interest. *See, e.g.*, *Dick v.*

10

*Enhanced Recovery Co.*, No. 15-cv-2631, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) (dismissing the plaintiff's FDCPA claim because the plaintiff did "not allege that 'non-interest charges and fees' were actually accruing at the time"). Prejudgment interest under § 5001, which must be ordered and calculated by a third party and which does not exist prior to the entry of judgment is fundamentally distinguishable from interest that is continually accruing at a daily rate equivalent to 500% per year. Moreover, unlike in *Avila*, the Plaintiff has failed to allege that the Defendant ever attempted to collect pre-judgment interest, which in this case, would require petitioning a court for an award. These differences in the nature of the debts at issue render the Second Circuit's logic in *Avila* inapposite.

Given that the Court finds as a matter of law that there was no interest accruing at the time, and that the letter provided an option for full repayment, *see* Complaint, Exhibit 1, there is certainly no requirement under the FDCPA for a superfluous disclosure that, in the absence of a court order, the Plaintiff's debt will not change in the future.

Consequently, the language at issue in the Letter does not implicate the Second Circuit's concerns in *Avila*. The Plaintiff has failed to state a claim pursuant to § 1692e. Accordingly, the Court grants the Defendant's motion to dismiss as it regards to Counts I and II.

**D. As to the Third Claim in the Complaint**

The Plaintiff's third cause of action alleges that the Defendant falsely represented itself by using a trade name, rather than its "true name," in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692e(14). "Each of these sections make it unlawful to make certain false representations in connection with the collection of a debt." *Bleich v. Revenue Maximization Grp., Inc.*, 233 F. Supp. 2d 496, 498 (E.D.N.Y. 2002). As the Defendant is not prohibited from using its trade name, the Court finds no merit in this claim.

11

As previously stated, Section 1692e generally prevents the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Within Section 1692e is a non-exhaustive list of practices that violate the section. *Pifko v. CCB Credit Servs., Inc.*, No. 09-cv-3057, 2010 WL 2771832, at *4 (E.D.N.Y. July 7, 2010). Section 1692e(14) prohibits the use of anything but the "true name" of the debt collector in a debt collection letter. 15 U.S.C. § 1692e(14). Section 1692e(2)(A) makes it unlawful to falsely represent "the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Lastly, Section 1692e(10) prohibits a debt collector from using any "false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10).

The Plaintiff alleges that the Defendant's use of the name "Credit Collection Services" is false and misleading under the above statutes. The Defendant persuasively argues that the use of the Defendant's trade name, which is registered with the New York City Department of Consumer Affairs, *see* Declaration of Michal Sands in Support of Defendant's Motion to Dismiss the Complaint ("Sands Decl."), Exhibits 4 & 5, is not false or misleading under Section 1692e.

In this circuit, district courts have consistently held that the use of a licensed trade name does not violate § 1692e. *See Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 151–52 (E.D.N.Y. 2003) (Spatt, J.); *see also Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 470 (E.D.N.Y. 2015) (collecting cases); *Miles v. Retrieval-Masters Creditor's Bureau, Inc.*, No. 14-CV-6607, 2016 WL 1258481, at *3 (E.D.N.Y. Mar. 29, 2016) (same). In this action, the Court takes judicial notice of a copy of a license from the New York City Department of Consumer Affairs as well as a license from Newton, Massachusetts and Norwood, Massachusetts. Together, these documents demonstrate that CCS properly registered its trade name in multiple municipalities. Sands Decl., Exhibits 2-5. *See, e.g.*, *Bieder*, 146 F. Supp. 3d at

470 ("Without converting this motion into one for summary judgment, the Court may take judicial notice of these documents in order to establish that defendant's use of a licensed trade name does not violate § 1692e." (internal citations omitted)).

Plaintiff attempts to persuade this Court that the Defendant's failure to obtain a license in New York State is preclusive of its ability to use a trade name in Freeport, New York and cites a number of out-of-state cases involving out-of-state registrations as support. *See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Brief") at 14. If New York had a statewide collection agency licensing requirement, such a rule would be conceivable. However, as New York has no such requirement, *see* Declaration of Matthew Johnson in Support of Defendant's Motion to Dismiss the Complaint, Exhibit 2, the Court sees no reason to weigh the Defendant's inability to register a trade name in New York State. The Court does note that the Defendant did register its trade name with the Massachusetts licensing authorities, as Massachusetts has a statewide collection agency licensing requirement. *Id*. Further, the Defendant's trade name is the name by which it transacts business and holds itself out to the public.

As a result, the Letter contained the Defendant's "true name" and is certainly not "false, deceptive or misleading" in the meaning of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), or 1692e(14). Accordingly, the Court grants the Defendant's motion to dismiss Count III.

**E.  As to the Fourth Claim in the Complaint**

The Plaintiff's fourth claim alleges that the Defendant's Letter "amounted to an unfair or unconscionable means to collect or attempt to collect a debt." Complaint ¶ 43. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It contains a non-exhaustive list of conduct that violates the section. *See id*. The prefatory clause "is a catchall provision that provides a cause of action 'standing alone.'" *Okyere*

13

*v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (quoting *Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 465 (E.D.N.Y. 1995)). There is no statutory definition for "unfair or unconscionable." "Courts analyzing claims under 1692f have acknowledged that the phrase 'unfair or unconscionable' is as vague as they come." *Okyere*, 961 F. Supp. 2d at 531 (internal citations and quotations omitted).

The Plaintiff's complaint does not allege any "unfair or unconscionable" behavior. Cruz's only reference to a violation of 15 U.S.C. 1692f or 15 U.S.C. 1692f(1) is a paragraph of the complaint that merely restates the statute. Such a vague, conclusory statement falls far short of the detail required for this Court to determine if such a claim is "plausible on its face." *Twombly*, 550 U.S. at 570.

Furthermore, the Plaintiff does not identify any additional actions separate from those, which the Plaintiff alleges violate other FDCPA provisions. Such an omission is fatal, as under the provisions of Section 1692f, the Plaintiff must assert additional misconduct beyond the alleged misconduct that violated other provisions of the statute. *See Tsenes*, 892 F. Supp. at 466 ("[T]he Complaint is devoid of support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of [1692f]; all the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e."); *Sussman v. I.C. Sys., Inc.*, 928 F. Supp. 2d 784, 797 (S.D.N.Y. 2013) ("Plaintiff's Complaint is deficient because his allegations fail to identify any misconduct beyond that which Plaintiff asserts violates other provisions of the FDCPA." (internal citations and quotations omitted)); *Oscar v. Prof'l Claims Bureau, Inc.*, No. 11-cv-5319, 2012 WL 2367128, at *5 (E.D.N.Y. June 1, 2012), *report and recommendation adopted*, No. 11-cv-11-5319, 2012 WL 2367136 (E.D.N.Y. June 19, 2012) ("Furthermore, I find

that nothing in the amended complaint supports a § 1692f claim beyond what Plaintiffs have asserted in their other claims.").

To hold otherwise would be to distort the statute's purpose, which is to hold debt collectors liable for conduct that the FDCPA's other provisions fail to explicitly address. *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). Finally, the Court finds that none of the Plaintiff's allegations depicted in the complaint are properly understood as "unfair or unconscionable" acts.

In the Court's view, these deficiencies in the complaint are fatal to the Plaintiff's claim. Accordingly, the Court grants the Defendant's motion to dismiss Count IV.

**F. As to Plaintiff's Request for Leave to Amend the Complaint**

The Plaintiff's memorandum includes a bare-bones request to amend the complaint. *See* Plaintiff's Brief at 16 ("To the extent this court finds deficiencies in the allegations in the allegations in the Complaint, Plaintiff requests an Order allowing her to amend her Complaint."). Such a request is governed by FED. R. CIV. P. 15(a)(2). "It is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (internal citations omitted). In this circuit, a district court may deny a plaintiff's request to leave to amend a complaint as futile if the plaintiff's claims do not withstand the scrutiny of a motion to dismiss. *Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Here, the Plaintiff has not provided any details regarding what changes are required in order to survive such a potential future motion. Cruz's request is devoid of any detail at all that would allow this Court to derive at such a conclusion. The Court therefore denies the Plaintiff's request to amend the complaint. *See WC Capital Management*, 711 F.3d at 334 ("Here, [plaintiff]

conclusory requested leave to amend in two sentences in its opposition [motion] … without specifying what additional factual allegations it would include if leave were granted, or how an amended complaint would cure the deficiencies the District Court identified in its original complaint. Accordingly, the District Court acted within its discretion in denying the request for leave to amend."). Consequently, the Court dismisses the entirety of the complaint with prejudice.

**G. As to Dismissal of *Cruz II***

The Defendant argues that *Cruz II* should be dismissed pursuant to the doctrine of the "Plea of Other Suit Pending." Such an action may be taken as part of this Court's power to administer its docket. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (internal citations omitted). "[A] district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976)). District courts are provided "a great deal of latitude and discretion" in determining whether an action is duplicative. *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citations omitted). While there is no defined rule the Court must follow, "the general principle is to avoid duplicative litigation." *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (internal citation and quotation marks omitted). Dismissal of a duplicative lawsuit prevents parties from concomitantly litigating over the same circumstances and fosters judicial economy. *See Curtis*, 226 F.3d at 138 (internal citations omitted). The Supreme Court described such a situation in *Watson v. Jones*, which stated, in pertinent part:

> There must be the same parties, or at least such as represent the same interest, there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same.

80 U.S. 679, 715, 20 L. Ed. 66 (1871). On the other hand, for actions with claims that only roughly resemble each other, dismissal of the second action is not appropriate. *See Curtis*, 226 F.3d at 136.

In this case, both actions have identical parties, are putative class actions, have duplicate causes of actions, and involve debt collection letters from the Defendant regarding the same debt which was incurred from the same creditor. Both complaints are based on the same operative facts and are largely identical to each other, save minor differences in the debt collection letters, such as the dates. With the exception of the date that the proposed class begins, the Plaintiff proposes identical class definitions in each complaint. Taken together, the interests of the parties in both actions are clearly aligned.

In the interests of judicial economy and based on a review of the pleadings in the two matters, as well as admissions in the Plaintiff's memoranda, *see, e.g.*, Plaintiff's Brief at 17-18 ("The outcome of this motion will have a direct effect on the outcome of *Cruz II*."), the *Cruz II* complaint is hereby dismissed with prejudice, based on the doctrine of Plea of Other Suit Pending.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion pursuant to Rule 12(b)(6), to dismiss the Plaintiff's complaint is granted. The complaints in this case and in *Cruz II* are dismissed with prejudice. The Clerk of the Court is directed to enter Judgment accordingly, and to close both cases.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 8, 2017

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge