**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
YENDY CRUZ on behalf of himself and all
others similarly situated,

                    Plaintiff,

          -against-

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES,

                   Defendant.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:17-cv-1994 (ADS)(GRB)

**APPEARANCES:**

**MITCHELL L. PASHKIN**
*Attorney for the Plaintiff*
775 Park Avenue, Suite 255
Huntington, NY 11743
        By:    Mitchel L. Pashkin, Esq., Of Counsel

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**
*Attorneys for the Defendant*
88 Pine Street, 21st Floor
New York, NY 10005
        By:    Joseph A. Hess, Esq., Of Counsel

**SPATT, District Judge**:

        The Plaintiff, Yendy Cruz, ("Cruz" or the "Plaintiff") initiated this putative class action against Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS" or the "Defendant"), for damages stemming from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C., 1692 *et seq*. ("FDCPA"). The Plaintiff contends that the Defendant failed to inform the Plaintiff in a debt collection letter (the "Letter") that the amount of debt may increase due to pre-judgment interest under NY CPLR § 5001 and improperly used the name Credit Collection

1

Services in an attempt to collect debt in New York State. Further, the Plaintiff alleges that the Letter was an unfair or unconscionable means to collect a debt.

On November 8, 2017, the Court issued a memorandum of decision and order (the "Decision") granting the Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6).

Presently before the Court is a motion by the Plaintiff pursuant to Local Civil Rule 6.3 requesting that the Court reconsider its Decision. For the following reasons, the Plaintiff's motion to reconsider is denied.

## I. BACKGROUND

### A. The Factual Background

The Plaintiff, a natural person, is the recipient of the Letter. Cruz resides at 72 Randall Avenue, Freeport, New York 11520. Complaint ¶¶ 5, 7.

CCS, the Defendant in this action, is a debt collection agency that is incorporated in the State of Delaware. Its principal place of business is Two Wells Avenue, Newtown, Massachusetts 02459. *Id*. ¶ 10.

On or about November 27, 2015, the Defendant sent the Plaintiff the Letter in an attempt to collect an outstanding debt of $166.97. *Id*. ¶ 13. The Letter, sent on "Credit Collection Services" letterhead, informed Cruz that the "amount of the debt" was $166.97, and that the creditor was Geico Indemnity Company. Further, the Letter stated, in pertinent part: "Once full payment has been posted by this office, your account will be closed and returned to your creditor as paid-in-full." *Id*. Exhibit 1. Specific instructions were provided for submitting payment to the Defendant.

2

On or about January 7, 2016, the Defendant sent the Plaintiff another debt collection letter (the "January Letter") in an attempt to collect the Plaintiff's $166.97 debt. The January Letter offered Cruz the opportunity to pay 80% of the amount of the debt in exchange for settlement of the account. Specifically, if the Plaintiff paid $133.58 to the Defendant, "[the Plaintiff's] account will be closed and returned to [Geico] as settled-in-full."

**B. The Procedural Background**

On November 28, 2016, the Plaintiff commenced this action against the Defendant in the Supreme Court of the State of New York, County of Nassau, alleging violations of N.Y. General Business Law § 349 and numerous provisions of the FDCPA.

On April 6, 2017, the Defendant filed a notice of removal to this Court.

The Plaintiff filed the complaint on May 23, 2017 and attached the Letter as Exhibit 1.

In a separate case with the same caption, No. 2:17-cv-02590-ADS-GRB ("*Cruz II*"), the Plaintiff filed an action in the Supreme Court of the State of New York, County of Nassau on January 6, 2017. *Cruz II* was based on the January Letter and claimed violations of N.Y. General Business Law § 349 and the same provisions of the FDCPA as alleged in this case.

*Cruz II* was removed to this Court on May 2, 2017 and that complaint was filed in this Court on May 2, 2017. The *Cruz II* complaint alleged identical violations of the FDCPA. The Defendant answered on May 16, 2017. On July 10, 2017, an initial conference was held before Magistrate Judge Brown.

As previously noted, on November 8, 2017, the Court issued the Decision, which granted the Defendant's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6).

On November 27, 2017, the Plaintiff filed a motion for reconsideration, which argues that the Court made a clear error in the Decision.

3

## II. DISCUSSION

### A. Standard of Review

A motion for reconsideration is governed by FED. R. CIV. P. 59(e) and Local Rule 6.3. *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002). Local Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id*. FED. R. CIV. P. 59(e) and Local Civil Rule 6.3 contain identical standards. *See Alexander v. The Turner Corp.*, No. 00-cv-4677, 2001 WL 1098010, at *1 (S.D.N.Y. Sept. 18, 2001). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal citations omitted); *accord Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)); *Mangino v. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011); *T.Z. v. City of N.Y.*, 634 F.Supp.2d 263, 268 (E.D.N.Y.2009).

In the Second Circuit, there are only three grounds which may be used to grant a motion for reconsideration: (1) a subsequent change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Frey v. Bekins Van Lines, Inc.*, No. CV 09–5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)); *accord Luv n' Care Ltd. v. Goldberg*

4

*Cohen, LLP*, No. 15-cv-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also T.Z.*, 634 F. Supp. 2d at 267-68. "[A] party may not advance facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, No. 15-cv-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)); *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

A motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *T.Z.*, 634 F.Supp.2d at 268 (internal citations omitted); *Dellefave v. Access Temps., Inc.*, No. 99-cv-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (same). "An attempt to simply relitigate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Prods. Liab. Litig.*, 653 F.Supp.2d 181, 182 (E.D.N.Y.2009) (citing *Wall v. Constr. & Gen. Laborers' Union*, No. 06-1264-cv, 2009 WL 230122, at *1 (2d Cir. Feb. 2, 2009) (summary order)).

## B. Application to the Facts of the Case

The Plaintiff has failed to raise any arguments that would justify reconsideration of the Court's prior Decision.

Cruz does not contend that there was any change in the relevant controlling law or that new evidence has become available; nor does the Plaintiff contend that the Court overlooked any controlling decision in this Circuit. *See Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, No. cv-6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (noting that "[c]ontrolling decisions include decisions from the United States Court of Appeals from the Second Circuit"). The Plaintiff's primary contention is that the court committed a clear error in deciding to dismiss the first, second, and third causes of actions of the complaint. However, in support, Cruz merely reprises the same arguments present in the Plaintiff's original motion papers. "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (Spatt, J.). To the extent the Plaintiff raises any new arguments, such arguments are without merit and not supported by this Circuit's controlling authority.

Specifically, Cruz first argues that the Court erred in its determination in the Decision that the first and second claims of the Plaintiff's complaint should be dismissed because the Defendant was not obligated to notify the Plaintiff that his outstanding debt had the potential to increase with C.P.L.R. § 501 interest, which may only be awarded by a court. This argument was fully briefed and thoroughly considered by this Court in its Decision. Cruz's contention is a transparent attempt to relitigate this issue, which was squarely addressed in the Decision. The Plaintiff recycles many of the *same cases* that were used in his original motion papers to advance this argument, even going so far as to quote and add emphasis to *identical portions* of such cases. The Plaintiff's position on the Second Circuit's decision in *Avila* was comprehensively briefed in his motion papers and the Court disagreed with his interpretation of its applicability to this case. "While,

6

understandably, [the] Plaintiff is disappointed with this Court's prior decision and genuinely may believe that the Court reached that decision in error, [the] Plaintiff may not seek reconsideration of issues fully considered by the Court[.]" *Miller v. United States*, No. 15-cv-4262, 2016 WL 4595691, at *2 (E.D.N.Y. Sept. 1, 2016) (citing *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011)).

The Plaintiff supplements this argument in its reply brief with (1) non-controlling case law; and (2) inapplicable jurisprudence. The Court is under no obligation to address the former, as cases outside the Second Circuit do not demonstrate that this Court committed a clear error in the Decision. In regards to the latter, Cruz mistakenly relies on *Gabelli*, a 2013 United States Supreme Court case involving a Securities and Exchange Commission enforcement action against investment advisors. *Gabelli v. Sec. & Exch. Comm'n*, 568 U.S. 442, 133 S. Ct. 1216, 185 L. Ed. 2d 297 (2013). The Supreme Court's discussion of "accrual," in the context of 28 U.S.C. § 2462, specifically dealt with the accrual of a cause of action. The context in *Gabelli* is inapposite to the case at bar, and certainly does not demonstrate a clear error or manifest injustice.

Finally, the Plaintiff contends that the Court committed clear error of law in dismissing the third cause of action based on New York General Business Law (N.Y.G.B.L.) § 130. This argument has already been considered by the Court and rejected. Cruz merely reiterates a claim that he thoroughly briefed in his opposition motion, mainly that a violation of N.Y.G.B.L. § 130 constitutes a *per se* violation of the FDCPA *See* DE 11 at 12-16. His failure to cite additional support or caselaw forecloses further consideration. A naked assertion that the Court was mistaken in its Decision is facially insufficient. *See generally Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012) (summary order) ("[T]o the extent [the Plaintiff] was using the motion for reconsideration to challenge the merits of the district court's judgment, she was improperly using

the motion as a substitute for appeal."). Even assuming the Plaintiff properly raised a colorable argument in its motion, the Court declines to hold that its dismissal of the third cause of action constituted clear error. The Court does not believe that a violation of a state law, on its own, amounts to a *per se* violation of the FDCPA. *James v. Merchs. & Prof'ls., Inc.*, No. 03-CV-1167, 2010 WL 785803, at *2 (E.D.N.Y. Mar. 8, 2010). Numerous district courts in the Second Circuit concur with such an approach. *Id*. at *1 (collecting cases). As such, the Court finds that it did not commit clear error in its dismissal of the Plaintiff's third cause of action.

Accordingly, Cruz's motion is denied in its entirety.

### III. CONCLUSION

For the reasons stated above, the Plaintiff's motion for reconsideration is denied.

It is **SO ORDERED**:

Dated: Central Islip, New York

March 3, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge